**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

EVA CHRISTIAN,

        Petitioner,    :    Case No. 3:20-cv-444

- vs -

                          Magistrate Judge Michael R. Merz

REBECCA ADDUCCI,
  Field Office Director for USICE[1],

                        :

        Respondent.

## DECISION AND ORDER

      This is an action for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by Petitioner Eva Christian, brought with the assistance of counsel Karen Denise Bradley.  Upon unanimous consent of the parties, the case has been referred to the undersigned under 28 U.S.C. § 636(c) by District Judge Thomas M. Rose for the exercise of plenary Magistrate Judge jurisdiction (ECF No. 7).

      Shortly after the case was filed, the Magistrate Judge ordered the United States to answer (ECF No. 6) and it has done so (ECF No. 10).  The same Order provided Petitioner with a twenty-one day opportunity to file a reply to the Government's Response, but her counsel has declined to do so, indicating she will stand on the Petition.

      The Petition recites that Eva Christian is a fifty-two year old native of Croatia, but holding German citizenship and a German passport (ECF No. 1, PageID 2).  She avers that she has chronic

---

[1] The caption is ordered amended as stated here, per Respondent Notice (ECF No. 11).

1

and severe asthma and thus is at a "particularly high risk for contracting COVID-19. *Id.* She avers that at the time she filed her Petition in October 2020, there were 8, 654 active COVID-19 cases in Butler County, Ohio, where she is confined in the Butler County Jail, and that there had been by that time 131 deaths in the county from that disease. *Id.* at PageID 3.

Petitioner was convicted of insurance fraud in the Montgomery County Court of Common Pleas and served a committed sentence which has now expired. She alleges she is being held by Respondent in the Butler County Jail as a mandatory detainee under § 236(c) of the Immigration and Naturalization Act.

Petitioner alleges that her continued detention violates the Due Process Clause of the Fifth Amendment because the United States is unable to detain her in conditions which do not pose a severe threat to her health and indeed life.

Respondent first argues the Petition does not present a "case or controversy" within the jurisdiction of this Court because Christian has not pleaded an injury in fact sufficient to support standing (Return, ECF No. 10, PageID 67). The Government also asserts this Court lacks jurisdiction to grant the relief sought because Petitioner's claim is in essence a conditions of confinement case which may not be brought in habeas corpus. *Id.* at PageID 68-69. Finally, the United States asserts Christian cannot make out a constitutional violation because she can make no showing of deliberate indifference to her medical condition.

## Analysis

In 28 U.S.C. § 2241 federal courts are granted authority to issue the writ of habeas corpus to inquire into the detention of anyone in custody "under or by color of the authority of the United

States" or "in custody in violation of the Constitution or laws or treaties of the United States." Petitioner is being held by an agency of the United States and pleads that that custody is in violation of the Constitution. Thus this Court has subject matter jurisdiction. Petitioner is being held in this judicial district, making it the appropriate venue for the case.[2]

The Court finds Christian has sufficiently pleaded an injury in fact to have standing. She pleads that, in the midst of a worldwide pandemic which in the last year has killed more than 500,000 people in the United States and 2.62 million people worldwide, Respondent has placed her in a situation which carries a known and enhanced risk that she will contract this serious disease. Judge Sarah Morrison of this Court has held that the risk involved in jail confinement of persons at higher than general population risk of COVID-19 sufficiently states an injury in fact to support standing: "a high risk of future harm is still a cognizable harm. Prison conditions that pose an 'unreasonable risk of serious damage to [a prisoner's] future health' are a cognizable harm." *Refunjol v. Adducci,* 461 F. Supp. 3d 675, 700 (S.D. Ohio 2020), citing *Helling v. McKinney*, 509 U.S. 25, 35, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993).

Respondent also asserts that this is essentially a conditions of confinement case and relief for unconstitutional conditions of confinement is not properly brought in habeas corpus. Here again Judge Morrison's opinion is instructive. Like the petitioners in *Refunjol*, Petitioner Christian does not seek removal of any particular condition of her confinement. Rather, she asserts that because of the characteristics of COVID-19 and her particular health condition, *any* imprisonment

---

[2] S. D. Ohio Civ. R. 82.1(f) provides "(f) **Habeas Corpus Actions.** A habeas corpus action shall be filed at the location of Court that serves the county in which the state-court judgment that is the subject of the habeas petition was filed." If this Rule applies at all, the underlying state court judgment which is at issue in Christian's deportation proceedings was entered by the Montgomery County Court of Common Pleas. Montgomery County is one of the counties served by the Dayton location of court. Petitioner is in custody in Butler County which is served by the Cincinnati location of court. However, Rule 82.1 is largely intended to prevent forum-shopping by petitioners filing under 28 U.S.C. § 2254 and in any event does not affect jurisdiction.

is unconstitutional. The Court concludes this claim is properly brought in habeas corpus[3].

However, Petitioner's claim does not have merit.

First of all, Petitioner has not established that she has an enhanced risk of death or severe illness from COVID-19. While she pleads that she has severe asthma, which can be a co-morbidity factor with COVID-19, evidence submitted by Respondent shows that she has not been diagnosed with severe asthma and she has not responded with contrary evidence.

Secondly, she has not established that being confined in the Butler County Jail has significantly increased her risk of contracting the disease. At the outset of the pandemic there was widespread concern that confinement in a jail setting would create a greatly increased risk of the disease. Because this Court routinely has pre-trial detainees in felony cases confined at the Butler County Jail, its Pandemic Executive Team has closely monitored, on at least a bi-weekly basis, cases in that facility as well as in other facilities where its pretrial detainees are housed. As of the most recent report from the United States Marshal Service, which maintains custody of our pre-trial detainees, Butler County Jail had 890 inmates, of whom only two had tested positive for the virus.

Risk assessment is a task at which the human mind is particularly poor.[4] During the course of the pandemic, public and private assessments of the risks of various behaviors in light of the COVID-19 spread have been notoriously "all over the map." Petitioner certainly has not retracted her very pessimistic assessment in October 2020 when she filed her Petition. But she also has not, so far as she has informed the Court, contracted the disease.

---

[3] This conclusion should not been seen in any way as a retreat from the consistent position this judge has taken that methods of execution claims must be brought under 42 U.S.C. § 1983 and not in habeas corpus, a position now endorsed by the Sixth Circuit. *In re Campbell,* 874 F.3d 454 (6th Cir. 2017), *cert. den. sub nom. Campbell v. Jenkins,* 199 L. Ed. 2d 350 (2017),
[4] See Daniel J. Levitin, The Organized Mind, especially Ch. 6, Organizing Information for the Hardest Decisions.

Respondent in the Return and attachments has documented efforts made by Butler County Jail personnel to make it less likely that inmates will contract the disease.  So far as the Court is informed, those measures are consistent with the developing epidemiology and have been working.

The Return of Writ shows that Petitioner is a person required to be held in custody under 8 U.S.C. § 1226(c)(1)(B).  Petitioner has not shown that her confinement in the Butler County Jail pursuant to that statute violates her rights under the Fifth Amendment to the United States Constitution.  The Petition will, therefore, be dismissed with prejudice and the Clerk will enter judgment to that effect.

March 11, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge