# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

EVA CHRISTIAN,

        Petitioner,      :    Case No. 3:20-cv-444

  - vs -

                              Magistrate Judge Michael R. Merz

REBECCA ADDUCCI,
  Field Office Director for USICE,

                          :

        Respondent.

## DECISION AND ORDER DENYING MOTION TO AMEND THE JUDGMENT

This habeas corpus action pursuant to 28 U.S.C. § 2241 by Petitioner Eva Christian is before the Court on Ms. Christian's Motion for Reconsideration (ECF Nos. 14, 15). In litigating this Motion, Christian is now proceeding *pro se*, her counsel having withdrawn (ECF Nos. 16, 17). Respondent opposes the Motion (ECF No. 19) and Petitioner has filed additional papers in support (ECF Nos. 18, 20).

The Court entered judgment dismissing the habeas corpus petition with prejudice on March 12, 2021 (ECF Nos. 12, 13). Christian's Motion for Reconsideration was filed March 23, 2021, making it timely under Fed.R.Civ.P. 59(e).

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.,* 558 F.3d 461, 474 (6th Cir. 2009)

1

(quoting *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe,* 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217,* 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes,* 8 F.3d at 90-91 n.3. See also *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. See *ACandS,* 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ*. 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.,* 675 F.3d 538, 551-52 (6th Cir. 2011), *quoting Leisure Caviar, LLC v. United States Fish & Wildlife Serv*., 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id*. Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence.  *Id*. In ruling on a Fed.R.Civ.P. 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued. See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker,* 554 U. S. 471, 485-486, n. 5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008) (quoting prior edition)." *Bannister v. Davis*, 140 S. Ct. 1698, 1703, 207 L.Ed. 2d 58 (2020).

In denying relief and dismissing the Petition in this case, the Court rejected Petitioner's claim that any confinement of her person pending deportation was unconstitutional because of the enhanced risks of contracting COVID-19 when confined or suffering more severe symptoms if the disease were contracted. The Court noted that, based on reports of the United States Marshal's Service to the Court's Pandemic Executive Team, conditions of confinement at the Butler County Jail were consistent with public health recommendations and had largely been effective in reducing the infection rate among prisoners and staff at that facility.

In her Motion for Reconsideration, Petitioner asserts that the prescription of additional asthma medication in October 2020 by medical staff at the Butler County Jail evidences her enhanced risk (ECF No. 14, PageID 98). In support of her claims regarding jail conditions generally, she cites information from various websites, including those of the Centers for Disease Control and the New York Times. *Id.* at PageID 99. In her most recent communication with the Court (ECF No. 20), she reports severe weight loss over the last several months, perhaps caused by irritable bowel syndrome, and an incident of lack of transparency by Butler County Jail Staff about the infected status of another inmate.

Petitioner's submissions do not persuade the Court that its prior decision should be reversed. The Court accepts as a matter of fact that (1) persons detained in jails are at a higher risk of COVID-19 infection than persons in the general population at large, (2) persons with an asthma diagnosis are at a higher risk than the general population of more serious symptoms if they become infected, and (3) both of these enhanced risk factors apply to Petitioner. These factors are insufficient to support amending the judgment for the following reasons:

First of all, the case precedent on which Petitioner relies (and which was considered by the Court before entering judgment) dates from the early days of the pandemic in 2020. Those decisions were entered at a time when there was a great deal more social, epidemiological, and governmental uncertainty about responding to the pandemic. For example, we[1] did not know whether the pandemic would increase in its morbidity or mortality rates, when or if an effective vaccine would be developed or how rapidly it could be distributed, whether the virus would evolve to more or less dangerous forms, whether resistance to vaccination would inhibit efforts to achieve "herd" immunity, etc. We have greatly increased social knowledge[2] on these questions as of the date of this Order.

That data does not support overriding expressed Congressional intent that foreign nationals convicted of aggravated felonies must be detained pending deportation. Petitioner emphasizes that her convictions were for the non-violent offense of insurance fraud. The Court would note, however, that one of the insurance fraud crimes involved having one of Petitioner's businesses set on fire, and the threat of death or serious injury to persons from fire is not inconsequential. Petitioner notes that the definition of "aggravated felony" is very broad, but it is a definition adopted by Congress.

Second, as the United States notes, much of the new evidence submitted by Petitioner was available to her before the Court entered judgment. To the extent that Petitioner's counsel did not submit this evidence, the Court is very disinclined to blame Ms. Bradley who is an acknowledged expert in immigration matters, and an attorney with an excellent reputation, known to the Court since the time of her legal studies at the University of Dayton School of Law more than twenty

---

[1] Here meaning the scientifically alert and informed general public globally.
[2] The court pretermits, for purposes of providing the rapid decision for which the Petitioner has literally pleaded, the question of how much of this social knowledge is amenable to judicial notice or even the extent to which Petitioner has or has not met the technical rules of submission of evidence.

years ago.  Herself an immigrant from Belize, Ms. Bradley is widely known as a passionate advocate for local immigrant people.

Third, there has been no recent change in the law which was not considered by the Court in dismissing the case.

The Court accepts the sincerity of Petitioner's expressions of anxiety.  The Court believes there is in general continued good cause for anxiety over the pandemic and wishes more members of the general public would take pro-social measures to control it (e.g., accepting vaccination, continuing to wear facial coverings in public, and continuing to practice physical distancing from other persons).  But the fact that controlling the pandemic still, after more than a year, requires those measures does not rise to the level of making Petitioner's confinement unconstitutional.

Petitioner's Motion to Amend the Judgment is DENIED.

Petitioner is notified that any appeal she may wish to file with the United States Court of Court of Appeals for the Sixth Circuit must be filed within sixty days of the entry of this Decision.

April 26, 2021.

s/ *Michael R. Merz*  
United States Magistrate Judge